3 So.2d 328

## RATLIFF v. SILVEY.

### 7 Div. 600.

Court of Appeals of Alabama.

June 30, 1941.

L. B. Rainey, of Gadsden, for appellant.

Julius S. Swann, of Gadsden, for appellee.

RICE, Judge.

Appellant presented a claim against the estate of William Thompson Cox, to his executor, appellee, here.

The proceeding was had under the provisions of Code 1928, Secs. 8970 and 8971, as amended by act of the Legislature of Alabama approved September 21, 1939 (Gen.Acts Ala.1939, regular session and special session, p. 806), Code 1940, Tit. 7, § 30, Tit. 61, § 216.

The here presently pertinent part of the law appertaining is found codified in the Code of 1940 as Title 61, Sec. 216, and reads as follows, to-wit: "When claim disputed either party may demand hearing.— The personal representative of the estate of a decedent may give notice in writing to the claimant, or anyone having a·beneficial interest in a claim against the estate, that such claim is disputed in whole or in part, if in part specifying the part disputed; thereupon the judge of the court having jurisdiction of the administration of the estate shall, on written application of either the personal representative or the claimant, hear and pass on the validity of such claim, or part thereof, first giving ten days' notice of such hearing to the interested parties. Either party may appeal within thirty days from the rendition of judgment on any such claim, such appeal to be made in the manner provided by law for appeals from the court in which such estate is being administered. If the claimant in such proceeding shall fail to recover upon the disputed part of such claim, he shall be taxed with the costs thereof. This section shall not apply to claims against estates declared insolvent."

Appellant, after his claim had been "disputed in whole" by appellee, made written application to the "judge of the court having jurisdiction of the administration of the estate" (the judge of the Probate Court), to "hear and pass on the validity of such claim"—in all respects as the law above quoted provides.

This appeal is from the order or decree made on said hearing.

The amount decreed to be due appellant, was $2.50, and we assume the appeal is properly in this court—at least there was no motion to dismiss same, and so far as we can find or are advised we have no reason to dismiss it to ex mero motu. So we entertain it.

As we gather from appellant's brief, he complains of that part only of the decree below (but which would, of necessity, upset the entire decree) wherein it is declared and decreed as follows, to-wit: "It is

therefore ordered, adjudged and decreed by the Court that all items contained in the account filed by the said S. L. Ratliff, doing business as Ratliff Sheet Metal and Roofing Company, against the estate of William Thompson Cox, deceased, on the 22nd day of April, 1940, antedating three years and six months prior to the 13th day of December, 1939, be, and the same are hereby, disallowed and held for naught and that the said claim be, and the same is hereby, reduced to and allowed for the sum of Two and 50/100 Dollars ($2.50), this being the only item coming within the coverage of said period."

The argument on behalf of appellant is as follows (and we quote from his brief filed here): "This whole matter rests upon a mutual understanding and a verbal contract, a continuing contract. The work was performed by appellant under a verbal 'contract as agreed.' The leaf taken from appellant's ledger, and introduced in evidence, shows by its dates of work done and material furnished, the dates of credits, that it was a continuous agreement or contract, and it further shows that appellant was to keep in repair, and did keep in repair, certain buildings owned by the deceased, William Thompson Cox, viz: Chestnut Street job; Broad Street Shoe Shop Building; Singer Sewing Machine Building; Jones Shoe Store; and probably other buildings not set out on the ledger sheet. It will be noted from the original date, the dates of labor done and material furnished, and the dates of credits, that no period of three years elapsed. *It is the contention of appellee that this is an open account, that each is a separate and distinct account, and that each account is barred by the three years statute of limitations except the one item of Two and 50/100 Dollars.* The record, when taken in its entirety, does not bear out this contention of appellee, but on the contrary it shows that it is a current or running account based upon a contractual agreement continuous in its nature, and did continue in force and effect right on up to the death of the deceased." (Italics supplied by us.)

But we think, and hold, that the record—the bill of exceptions—bears out the contention of appellee, and does *not* bear out the *conclusions* stated in appellant's brief.

Accordingly, the judgment is affirmed.

Affirmed.